## Richmond

LUCILLE COBB ANDERSON, ET AL. v. ELDER J. C. RICHARDSON, ET AL.

June 16, 1958.

Record No. 4779.

Present, Eggleston, Spratley, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*William Davis Butts*, for the appellants.

*Henry D. Garnett* (*S. W. Colonna*, on brief), for the appellees.

WHITTLE, J., delivered the opinion of the court.

■ Lucille Cobb Anderson, her three sisters and a brother, filed a bill in chancery seeking to set aside a deed of bargain and sale executed in 1950 wherein their sister, Jane Marshman, conveyed two certain lots with improvements thereon, located in the City of Newport News, to Elder J. C. Richardson, Elder J. Jenkins, and Elder W. Jackson, styled "Trustees for the Apostle Church of Christ in God."

It was alleged that Jane Marshman, a widow, died intestate and that complainants were her only heirs at law. It was also alleged that the grantor was persuaded to sign the deed by undue influence; that the respondents represented to the grantor that it was a deed of trust or mortgage securing $500 from respondents; that no consideration passed between the parties; that there was no legally constituted religious congregation in the City of Newport News known as the Apostle Church of Christ in God; and that said conveyance was void under the laws of the Commonwealth of Virginia by virtue of § 57-7 of the Code.

An answer was filed by the respondents denying the allegations and the case was heard *ore tenus* before the chancellor. At the hearing complainants called several witnesses, including the three respondents. At the conclusion of complainants' testimony respondents moved to strike, which motion the court sustained and by its decree held that the heirs at law were not the proper persons to contest the deed; that the conveyance was valid and should not be set aside. Hence the bill was dismissed. To review this ruling we granted complainants an appeal.

It is conceded by complainants that the allegation in the bill regarding undue influence wholly failed for lack of proof. And it is also conceded that the other allegations, save that the conveyance was void under the laws of Virginia, failed for the same reason. Thus the assignment of error relied on by complainants charged

that the court erred in holding the conveyance valid, it being in contravention of the provisions of § 57-7.

Under this assignment complainants say that the property is not now used as "a place for public worship, * * * or a residence for a minister, or for the use or benefit of any church, or religious society, as a residence for a bishop or other minister or clergyman who, though not in special charge of a congregation, is yet an officer of such church or religious society, and employed under its authority and about its business; * * *." Section 57-7.

We are here dealing with a conveyance from Jane Marshman, party of the first part, to the three grantees designated as elders and "Trustees for the Apostle Church of Christ in God", parties of the second part. It is conceded that the deed was for a valuable consideration, and was a fee-simple deed bearing the English covenants of title. We agree with the chancellor that it conveyed a valid title.

The evidence discloses that after the deed was executed the property was used for church purposes. In fact, Mrs. Marshman, who was a member of this religious organization, holding the title of "General Mother" and as such a minister of the church, occupied the property until her death on October 23, 1953. The three respondents were appointed trustees by the chancellor on January 30, 1954, and if perchance they were not local trustees, as contended by complainants, proper trustees could be appointed at any time under the provisions of § 57-7 of the Code which provides:

"* * * And no gift, grant or bequest hereafter made to such church or religious congregation, or the trustees thereof, shall fail or be declared void * * * in any case where lawful trustees of such church or congregation are in existence, or the congregation is capable of securing the appointment of such trustees upon application * * *; but such gift, grant, or bequest shall be valid, subject to the limitation of § 57-12; * * *."

Section 57-12 deals with the quantity of real and personal estate such trustees may hold and is not here pertinent.

It is also asserted that the court erred in holding that complainants were not proper parties to contest the title. In this connection complainants say that while the property was at the time of the conveyance used for church purposes the evidence discloses that it is not being used "as a place for public worship", etc., which is in violation of the heretofore quoted portion of § 57-7 of the Code.

Since the chancellor properly held that title to the property had

passed from the grantor under a valid deed, complianants' interest therein ceased, and even if the property is now being used in violation of the mandate of § 57-7 this is no concern of complainants, it being a matter with which the Commonwealth alone is concerned. This is in accord with our former decisions. *Banks* v. *Poitiaux*, 3 Rand. (24 Va.) 136; *Nuttall* v. *Lankford*, 186 Va. 532, 545, 43 S. E. 2d 37, and cases cited. See also 13 Am. Jur., Corporations, §§ 783, 784, p. 807, and cases cited under Footnote (4); 43 Virginia Law Review, "Virginia Laws Affecting Churches", pp. 119-122.

For the purpose of this decision it is not necessary that we consider the effect, if any, which Code § 57-16* might have upon the conveyance here involved.

For the reasons stated the decree is

*Affirmed.*

---

*Acts of Assembly, 1942, chapter 261, (passed after our decision in *Moore* v. *Perkins* [1937], 169 Va. 175, 192 S. E. 806); now § 57-16 of the Code.